UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

**JERMIE L. GROVES,**

                 **Plaintiff,**

       **v.**                                 **Civil Action 1:25-cv-479**
                                          **Judge Jeffery P. Hopkins**
                                          **Magistrate Judge Chelsey M. Vascura**

**CHAE HARRIS,**
***Warden, Warren Correctional Institution,***
***et al.,***

                 **Defendants.**


## ORDER and REPORT AND RECOMMENDATION

Plaintiff, Jermie L. Groves, an Ohio inmate who is proceeding without the assistance of counsel, sues Chae Harris, the Warden of Warren Correctional Institution ("WCI"), WCI's Medical and Mental Health Departments, and the U.S. Government under 42 U.S.C. § 1983, alleging that Defendants have been deliberately indifferent to her serious medical needs in violation of the Eighth Amendment by denying her gender affirming surgery and hormone therapy. This matter is before the Court for the initial screen of Plaintiff's Complaint under 28 U.S.C. §§ 1915(e)(2) and 1915A to identify cognizable claims and to recommend dismissal of Plaintiff's Complaint, or any portion of it, which is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. §§ 1915(e)(2), 1915A(b)(1)–(2); *see also McGore v. Wrigglesworth*, 114 F.3d 601, 608 (6th Cir. 1997). Having performed the initial screen, Plaintiff **MAY PROCEED** on her claims for injunctive relief against Warden Harris in his official capacity, but

it is **RECOMMENDED** that Plaintiff's remaining claims be dismissed for failure to state a claim on which relief can be granted.

This matter is also before the Court for consideration of Plaintiff's motion for leave to proceed *in forma pauperis* under 28 U.S.C. § 1915(a)(1) and (2), which is **GRANTED**. (ECF No. 1.) Plaintiff must pay the full amount of the Court's $350 filing fee. 28 U.S.C. § 1915(b)(1). Plaintiff's certified trust fund statement reveals that she has $4.47 in her prison account, which is insufficient to pay the filing fee.

Pursuant to 28 U.S.C. § 1915(b)(1), the custodian of Plaintiff's inmate trust accounts (Inmate ID Number A768606) at the Warren Correctional Institution is **DIRECTED** to submit to the Clerk of the United States District Court for the Southern District of Ohio as an initial partial payment, 20% of the greater of either the average monthly deposits to the inmate trust account or the average monthly balance in the inmate trust account, for the six months immediately preceding the filing of the Complaint.

After full payment of the initial, partial filing fee, the custodian shall submit 20% of the inmate's preceding monthly income credited to the account, but only when the amount in the account exceeds $10.00, until the full fee of $350.00 has been paid to the Clerk of this Court. 28 U.S.C. § 1915(b)(2). *See McGore v. Wrigglesworth*, 114 F.3d 601 (6th Cir. 1997).

Checks should be made payable to: Clerk, United States District Court. The checks should be sent to:

> Prisoner Accounts Receivable
> 260 U.S. Courthouse
> 85 Marconi Boulevard
> Columbus, Ohio 43215

The prisoner's name and this case number must be included on each check.

It is **ORDERED** that Plaintiff be allowed to prosecute her action without prepayment of fees or costs and that judicial officers who render services in this action shall do so as if the costs had been prepaid. The Clerk of Court is **DIRECTED** to mail a copy of this Order to Plaintiff and the prison cashier's office.

## I.     STANDARD OF REVIEW

Congress enacted 28 U.S.C. § 1915, the federal *in forma pauperis* statute, seeking to "lower judicial access barriers to the indigent." *Denton v. Hernandez*, 504 U.S. 25, 31 (1992). In doing so, however, "Congress recognized that 'a litigant whose filing fees and court costs are assumed by the public, unlike a paying litigant, lacks an economic incentive to refrain from filing frivolous, malicious, or repetitive lawsuits.'" *Id*. at 31 (quoting *Neitzke v. Williams*, 490 U.S. 319, 324 (1989)). To address this concern, Congress included subsection (e):

> (2) Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that—
>
> * * *
>
> (B) the action or appeal—
>
> (i) is frivolous or malicious; [or]
>
> (ii) fails to state a claim on which relief may be granted. . . .

28 U.S.C. § 1915(e)(2)(B)(i) & (ii); *Denton*, 504 U.S. at 31. Thus, § 1915(e) requires *sua sponte* dismissal of an action upon the Court's determination that the action is frivolous or malicious, or upon determination that the action fails to state a claim upon which relief may be granted. *See also* 28 U.S.C. § 1915A (requiring a court to conduct a screening of "a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity . . . [to] identify cognizable claims or dismiss the complaint, or any portion

of the complaint [that is] frivolous, malicious, or fails to state a claim upon which relief may be granted").

Further, to state a claim upon which relief may be granted, a plaintiff must satisfy the basic federal pleading requirements set forth in Federal Rule of Civil Procedure 8(a). *See also Hill v. Lappin*, 630 F.3d 468, 470–71 (6th Cir. 2010) (applying Federal Rule of Civil Procedure 12(b)(6) standards to review under 28 U.S.C. §§ 1915A and 1915(e)(2)(B)(ii)). Under Rule 8(a)(2), a complaint must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Thus, Rule 8(a) "imposes legal *and* factual demands on the authors of complaints." *16630 Southfield Ltd*., *P'Ship v. Flagstar Bank*, *F.S.B.*, 727 F.3d 502, 503 (6th Cir. 2013).

Although this pleading standard does not require "detailed factual allegations, a pleading that offers labels and conclusions or a formulaic recitation of the elements of a cause of action" is insufficient. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (cleaned up). A complaint will not "suffice if it tenders naked assertion devoid of further factual enhancement." *Id.* (cleaned up). Instead, to state a claim upon which relief may be granted, "a complaint must contain sufficient factual matter to state a claim to relief that is plausible on its face." *Id*. (cleaned up). Facial plausibility is established "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* "The plausibility of an inference depends on a host of considerations, including common sense and the strength of competing explanations for the defendant's conduct." *Flagstar Bank*, 727 F.3d at 504 (citations omitted). Further, the Court holds *pro se* complaints "to less stringent standards than formal pleadings drafted by lawyers." *Garrett v. Belmont Cty. Sheriff's Dep't*, 374 F. App'x 612, 614 (6th Cir. 2010) (quoting *Haines v. Kerner*, 404 U.S. 519, 520 (1972)). This lenient

4

treatment, however, has limits; "courts should not have to guess at the nature of the claim asserted." *Frengler v. Gen. Motors*, 482 F. App'x 975, 976–77 (6th Cir. 2012) (quoting *Wells v. Brown*, 891 F.2d 591, 594 (6th Cir. 1989)).

## II.     ANALYSIS

Plaintiff alleges that, although she was assigned the gender of male at birth, she suffers from gender dysphoria and is a transgender woman. Plaintiff has requested both hormone therapy and gender affirming surgery from Warren Correctional Institution ("WCI") as treatment for her gender dysphoria. Plaintiff was told that "they are looking into the hormones" but that "they don't do sex changes in prison." (Compl., ECF No. 1-1, PAGEID #11, 15.) Plaintiff feels "that the state is refusing this treatment because every time I ask about it they give me a diffrent [*sic*] exuse [*sic*]." (*Id.* at PAGEID #14.) Plaintiff names as Defendants Chae Harris, Warden of WCI, WCI's Medical and Mental Health Departments, and the U.S. Government. As relief, Plaintiff seeks an order requiring the prison to provide her with hormone therapy and gender affirming surgery. (*Id.* at PAGEID #9, 13.) The undersigned construes Plaintiff's Complaint to advance claims under 42 U.S.C. § 1983 for deliberate indifference to Plaintiff's serious medical needs in violation of the Eighth Amendment.

The undersigned first considers the appropriate Defendants for Plaintiff's claims. Plaintiff does not specify whether she sues Warden Harris in his individual or official capacity. To the extent that Warden Harris is sued in his individual capacity, those claims must be dismissed because Plaintiff fails to allege the necessary personal involvement by Warden Harris in the decision to deny Plaintiff gender affirming care. To prevail on a § 1983 claim, a plaintiff must plead two elements: "(1) deprivation of a right secured by the Constitution or laws of the United States (2) caused by a person acting under color of state law." *Hunt v. Sycamore Cmty. Sch. Dist. Bd. of Educ.*, 542 F.3d 529, 534 (6th Cir. 2008) (citing *McQueen v. Beecher Cmty. Sch.*, 433

5

F.3d 460, 463 (6th Cir. 2006)). To establish the second element, a plaintiff must show "personal involvement" by the defendant. *Grinter v. Knight*, 532 F.3d 567, 575 (6th Cir. 2008) (citation omitted). This is because "§ 1983 liability cannot be imposed under a theory of *respondeat superior.*" *Id.* (citation omitted). Thus, to hold a supervisor liable under § 1983, a plaintiff "must show that the official at least implicitly authorized, approved, or knowingly acquiesced in the unconstitutional conduct." *Everson v. Leis*, 556 F.3d 484, 495 (6th Cir. 2009) (cleaned up). Plaintiff's allegations do not mention Warden Harris and therefore she has not plausibly alleged that Warden Harris was personally involved in the decision to deny her gender affirming care. Plaintiff therefore cannot succeed on an individual-capacity claim against Warden Harris.

On the other hand, to the extent that Plaintiff sues Warden Harris in his official capacity, that claim is essentially one against the State of Ohio. A suit against a state official in his or her official capacity is "not a suit against the official but rather is a suit against the official's office," and is therefore "no different from a suit against the State itself." *Will v. Mich. Dep't of State Police*, 491 U.S. 58, 71 (1989). And although sovereign immunity generally precludes federal-court jurisdiction when a private citizen sues a state or its instrumentalities, an exception exists when the doctrine set forth in *Ex Parte Young,* 209 U.S. 123 (1908), applies. *See Boler v. Earley*, 865 F.3d 391, 410 (6th Cir. 2017). The *Ex Parte Young* doctrine applies when a plaintiff brings "claims for prospective relief against state officials sued in their official capacity to prevent future federal constitutional or statutory violations." *Id.* at 412. Here, because Plaintiff seeks prospective, injunctive relief in the form of an order requiring WCI to provide her with hormone therapy and gender affirming surgery to avoid further violation of her Eighth Amendment rights, her official-capacity claims against Warden Harris are not barred by sovereign immunity.

Next, Defendants WCI Medical and Mental Health Departments are instrumentalities of the State of Ohio, and therefore Plaintiff's claims against these departments are redundant with Plaintiff's official-capacity claim against Warden Harris. The undersigned therefore recommends dismissal of WCI's Medical and Mental Health Departments.

Finally, as to the U.S. Government, Plaintiff's allegations make no reference to the federal government. Plaintiff was convicted by a state court of a state crime, and it is a state correctional facility that is alleged to have denied her gender affirming care. There is simply no connection between Plaintiff's allegations and the U.S. Government. Plaintiff's Complaint therefore tenders only "naked assertion devoid of further factual enhancement," which does not suffice to state a claim under *Iqbal*. *See* 556 U.S. at 678.

Thus, the only appropriate Defendant for Plaintiff's claims is Warden Harris in his official capacity. Turning to the merits of Plaintiff's claims, the undersigned finds that Plaintiff may proceed on her official-capacity claim against Warden Harris for injunctive relief in the form of an order requiring WCI to provide Plaintiff with hormone therapy and gender affirming surgery. *See Fisher v. Fed. Bureau of Prisons*, 484 F. Supp. 3d 521, 543 (N.D. Ohio 2020) (prisoner stated Eighth Amendment claim for denial of gender affirming surgery when prisoner plausibly alleged that the prison had a blanket ban on such surgery without determining whether surgery was appropriate or necessary on a case-by-case basis).

### III.  DISPOSITION

For these reasons, Plaintiff's Motion for Leave to Proceed *In Forma Pauperis* (ECF No. 1) is **GRANTED**. Plaintiff **MAY PROCEED** on her official-capacity claim against Warden Harris for injunctive relief, but it is **RECOMMENDED** that Plaintiff's remaining claims be **DISMISSED** under §§ 1915A(b) and 1915(e) for failure to state a claim on which relief can be granted.

7

Plaintiff has submitted a summons form (Form AO-440) (ECF No. 1-3) and a service of process by U.S. Marshal form (Form USM-285) (ECF No. 1-4). However, the summons form is deficient because Plaintiff neglected to include her name and address in the appropriate section. Moreover, Plaintiff has not submitted a service copy of the Complaint. If Plaintiff wishes to have the United States Marshal effect service of the summons and Complaint on Defendant Harris, Plaintiff is **DIRECTED** to file a completed summons form and a service copy of the Complaint to the Clerk of Court. If Plaintiff does so, the Clerk is **DIRECTED** to issue the summons and the United States Marshal is **DIRECTED** to serve by certified mail upon Defendant Harris the issued summons, a copy of the Complaint, and a copy of this Order and Report and Recommendation.

## PROCEDURE ON OBJECTIONS

If any party objects to this Report and Recommendation, that party may, within fourteen (14) days of the date of this Report, file and serve on all parties written objections to those specific proposed findings or recommendations to which objection is made, together with supporting authority for the objection(s). A District Judge of this Court shall make a *de novo* determination of those portions of the Report or specified proposed findings or recommendations to which objection is made. Upon proper objections, a District Judge of this Court may accept, reject, or modify, in whole or in part, the findings or recommendations made herein, may receive further evidence or may recommit this matter to the Magistrate Judge with instructions. 28 U.S.C. § 636(b)(1).

The parties are specifically advised that failure to object to the Report and Recommendation will result in a waiver of the right to have the District Judge review the Report and Recommendation *de novo*, and also operates as a waiver of the right to appeal the decision of

the District Court adopting the Report and Recommendation. *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).

   **IT IS SO ORDERED.**

                                                  /s/ *Chelsey M. Vascura*
                                                  CHELSEY M. VASCURA
                                                  UNITED STATES MAGISTRATE JUDGE